BOUTALL, Judge.
This litigation arises out of a verbal contract entered into by East Contract Supply, Inc., and Petite Paree Fashions, Inc., for the remodeling of defendant’s leased premises. Trial was had in the lower court, resulting in a judgment for the plaintiff. From this adverse judgment, defendant appealed suspensively.
However, appellant has filed no brief nor made an appearance before this court. Accordingly, appellant’s appeal is considered as having been abandoned and the appeal is hereby dismissed. Uniform Rules, Courts of Appeal, rule 7, § 5(b), 8 LSA-R.S.; Johnson v. Sayes, 231 So.2d 651 (La.App. 3rd Cir. 1970).
Appellee timely answered the appeal praying that the judgent appealed from be amended to include certain amounts for supervision and expenses that the trial court excluded in its award in favor of East Contract Supply Inc., relying on LSA-C.C.P. art. 2133:
“* * * The answer filed by appel-lee shall be equivalent to an appeal on his part from any portion of the judgment rendered against him in favor of the appellant and of which he complains in his answer. * * * ”
There are but two issues before the court, to wit: (1) In a “cost plus” contract, is the contractor entitled to parking expenses, home office travel and transportation, home office supervision and cab fare as items of cost when not specifically agreed upon; and (2) Is a contractor entitled to recover the full salary paid its local *840 representative for supervision and coordination in general during the term of a contract or for only that portion of the salary as it relates to actual time expended for supervision and coordination on the particular contract or project.
The appellee contends that since the defendant made an interim payment which included these “cost” items without objection, that same was understood between both parties to the contract. It further contends that the defendant refused payment of these items only when litigation became necessary.
An examination of the trial court transcript reveals that the parties herein involved entered into a verbal contract on a cost plus 10% basis for the renovation and remodeling of an area on the mezzanine floor of the Roosevelt Hotel to be used by defendant for the retailing of women’s apparel. There was no agreement as to what the specific terms of cost would be.
The work began on or about May 12, 1969, and a statement was rendered to the defendant by plaintiff on or about June 6, 1969, for the period May 12th to June 6th, in the amount of $3,645.58. This statement indicated the amount of materials purchased by plaintiff, the amount of labor used during the period, and, also, the charges for transportation, parking and travel expenses, as well as cab fare, home office travel and supervision, job supervision and coordination and insurance. This invoice was paid by defendant.
Thereafter, statements were rendered for the periods of June 6th to June 20th, and June 20th to July 2nd, respectively, but were not paid by the defendant, and suit was filed for the total amount of the three invoices amounting to $9,059.72 subject to a credit for the amount paid in the sum of $3,545.58.
It is the appellee’s position, as herein-above set out, that the defendant-appellant, by paying the interim invoice, which included the aforementioned items had knowledge of, agreed to and therefore expected to have these charges included in the subsequent invoices.
In interpreting contracts, where the issue is what are the terms of a verbal agreement, the fact that informed and experienced persons do not usually bind themselves to unjust and unreasonable obligations is to be considered in arriving at the intent of the parties. LSA-C.C. arts. 1945, 1951; Texaco, Inc. v. Vermilion Parish School Board, 244 La. 408, 152 So.2d 541 (1963).
The record reveals only that the parties entered into a verbal contract on a cost plus 10% basis. There is no preponderance of evidence that substantiates appel-lee’s complaint that appellant agreed to the additional charges over and above the cost plus basis. It would certainly be unequita-ble to surmise that the appellant intended that it should be obligated for items such as cab fare, home office supervision, parking, et cetera when, in the normal course of business, it is generally expected that such items are included in the general overhead and administrative expenses of the contractor.
With regard to percentage or cost plus contracts, this court has previously stated its position in Lee v. National Cylinder Gas Co., 58 So.2d 568 (La.App. Orl.1952; writ denied 1952), wherein it held:
“* * * that where there is such a contract to do a job for whatever it might cost, it is implicit that the price charged will not be whatever the contractor sees fit to charge, but will be whatever may be shown to be the reasonable and proper cost.” See also: Wendel v. Maybury, 75 So.2d 379 (La.App. Orl.1954).
The trial judge heard the testimony, reviewed the evidence and correctly, in the opinion of this court, concluded that the surplus charges were not allowable. In our review of the facets of the instant *841 case, which are of moment to this appeal, we find no manifest error and now adopt, in part, those written Reasons for Judgment of the trial court as are amenable to this appeal:
“The Court is of the opinion, however, that plaintiff is not entitled to recover for the amount which it has charged for ‘parking expenses’, ‘home office travel and transportation’, ‘home office supervision’, and ‘cab fare’, these items amounting to $719.43.
As hereinafter set forth, plaintiff made a substantial charge for ‘supervision and co-ordination’ and it is the opinion of the Court that one entering into a ‘cost-plus’ contract would not contemplate being charged for the head of the contracting firm charging for any supervision on his part over and above that which he was charging for the ‘supervision and co-ordination’ performed by his local representative who, according to the testimony, had full charge of the local offices. If a charge was to be made by the plaintiff’s President for his services and for his transportation, on top of that charged for his supervisor and on top of the ten (10%) percent, this fact had to be made known to the defendant and there is no preponderance of evidence to this effect. Nor, in the Court’s opinion, would one contemplate having to pay for ‘cab fare’ and ‘parking expense’ as a part of a ‘cost-plus’ job. For these reasons the item of $719.43 will not be allowed.
With reference to the items charged for ‘supervision and co-ordination’ the testimony is to the effect that this charge was made for the amount of $250.00 a week paid to a Mr. Schouest, who was employed by plaintiff to take charge of their New Orleans office. There is some evidence to the effect that Mr. Schouest did not devote his entire time to the work being performed by his employer for the defendant company. And the Court finds it unrealistic to concede that Mr. Schouest had to devote his entire time to the supervision of the work for the period from May 12th, 1969, to July 2nd, 1969. Furthermore, the records of the plaintiff company show that during the same period they had undertaken another job, which has been referred to on the records as to the ‘Rosenberg’ job.
The payroll records of the plaintiff company show that during the period referred to the total amount paid for labor on the work being done for defendant company amounted to $2,065.37 while the amount paid for labor on the ‘Rosenberg’ job amounted to $1,940.75. Inasmuch as these two amounts are so nearly equal, the Court is of the opinion that the amount paid to Mr. Schouest during this period, which amounts to $1,813.24, should be equally chargeable to the two jobs being performed at the same time by plaintiff company under the supervision of their representative and supervisor, Mr. Schouest. Accordingly, the Court will disallow the charge of such supervision to the extent of one-half of $1,813.24, or $906.62.
There will therefore be Judgment in favor of plaintiff for the sum of $3,625.-49 ($9,059.72 less credit of $3,645.58 and less the sums of $719.43 and $906.62 and 10% of said $719.43 and $906.62).
For the foregoing reasons the judgment of the trial court is affirmed.
Affirmed.